WILLIAM W. McGAHA, ESQ.
Nevada Bar #3234
JOSHUA SANTERAMO, ESQ.
Nevada Bar #12086
SCHUETZE & McGAHA, P.C.
601 S. Rancho Drive, Suite C-20
Las Vegas, Nevada 89106
(702) 369-3225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KATHLEEN H. HARRIS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>HUMANA, INC., a foreign Corporation; DOES I through X inclusive, and ROES CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR:**<br><br>1. FMLA Retaliation;<br>2. Disability Discrimination;<br>3. Race Discrimination;<br>4. Race Discrimination under NRS 613.330;<br>5. Intentional Infliction of Emotional Distress; and<br>6. Negligent Hiring, Supervision, and Training.<br><br>**[DEMAND FOR JURY TRIAL]** |

**COMES NOW**, Plaintiffs, **KATHLEEN H. HARRIS**, by and through her attorneys of record, **WILLIAM W. McGAHA, ESQ.**, and **JOSHUA SANTERAMO, ESQ.**, of the law offices of **SCHUETZE & McGAHA, P.C.**, and for causes of action against Defendants, and each of them, allege as follows:

I.

**PARTIES**

1. Kathleen H. Harris ("Plaintiff") was an individual employed by Humana, Inc. ("Humana") from approximately March 2006 through July 19, 2012. Plaintiff is, and was at all times during her employment with the Humana, a resident of the County of Clark, State of

Nevada.

2. Defendant Humana was and is a corporation authorized to do business in the County of Clark, State of Nevada, and under information and belief, is organized within the State of Kentucky. Humana's local Nevada office was and is located at 770 E. Warm Springs Blvd., Suite 340, Las Vegas, Nevada 89119.

3. Upon information and belief, and at all times relevant hereto, the identities of the Defendants named and/or fictitiously named as DOES I through X and ROES CORPORATIONS XI and XX, are all entities doing business as HUMANA, INC. and/or other names, and each of them were individuals, partnerships, companies, corporations, or other entities that by reason of such relationships with Defendants, and each of them, are jointly and severally responsible and liable for the damages alleged herein. The true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES I through X and ROES CORPORATIONS XI and XX, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore, alleges that each Defendant herein designated as a DOE or ROE is legally responsible in some manner for the events and happenings herein referred to and proximately caused the injury and damages alleged herein. Plaintiff is informed and believes and thereon alleges that DOES I through X and ROES CORPORATIONS XI and XX, inclusive, are residents and citizens of the State of Nevada or are corporations doing business in the State of Nevada. Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action. Therefore, Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their true identities become known.

II.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over this action pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), Title I of the Americans with Disabilities Act ("ADA"), the Civil Rights Act of 1964 ("Title VII"), and applicable laws cited herein. The jurisdiction of this

Court is invoked under 28 U.S.C. s 1331 to secure protection and redress deprivation of rights guaranteed by federal law, which provide for injunctive relief and other relief for illegal employment discrimination, harassment, and retaliation. The amount in controversy in this action exceeds the jurisdictional limits of this Court. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the District of Nevada pursuant to 28 U.S.C. Section 1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada, and applicable laws cited herein as the alleged discrimination and damage occurred in this district and the Defendant maintains a place of business in this District.

6. Plaintiff, at all times pertinent, is a covered "employee" as defined by 29 U.S.C. § 2611(2), meaning an employee who worked, "for at least 12 months by the employer with respect to whom leave is requested under section 2612 of [FMLA];" and "for at least 1,250 hours of service with such employer during the previous 12-month period."

7. Defendant Humana, at all times pertinent, is an "employer" as defined by 29 U.S.C. § 2611(4), meaning "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."

III.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

9. During the time material to this Complaint, Plaintiff was an employee of Humana, working out of their Nevada office located at 770 E. Warm Springs Blvd., Suite 340, Las Vegas, Nevada 89119.

10. Plaintiff was hired by Humana in March 2006 as a nurse. She was then transferred to the HSO Department as a case manager in 2008.

11. As a case manager, Plaintiff's duties generally consisted of contacting members for post-hospital discharge follow ups and medical records review.

12. At all times relevant, Plaintiff performed her job duties satisfactorily and had no serious disciplinary write ups or record of progressive discipline.

13. After joining the HSO Department in 2008, Plaintiff initially covered the Nevada area/region. Plaintiff was forced to cover the entire region on her own without assistance. Plaintiff was also given additional responsibilities that other co-workers were not required to perform.

14. In approximately 2010, Plaintiff was moved over to the Arizona team.

15. Plaintiff was the only African-American member of the Arizona team.

16. Other non African-American members of the Arizona team were permitted to work from home five days a week. Plaintiff was forced to come into the office two days a week, while working at home three days a week. Humana refused to explain to Plaintiff why her schedule was different from her non African-American co-workers.

17. Plaintiff had previously requested to work from home five days a week like her other co-workers and was denied. Working from home would have helped in reducing Plaintiff's stress and anxiety in the work environment.

18. Plaintiff was finally moved again sometime in late 2010 to cover the Intermountain area/region. She was the only staff member to cover this region, and Plaintiff saw her workload greatly increase to the point it was not feasible for her to handle the region alone. Plaintiff was also given additional responsibilities that other co-workers were not required to perform.

19. Plaintiff continued to work a schedule of two days in the office and three days at home up through her last day of actual work with Humana.

20. In December 2010, Plaintiff was hospitalized with stress-related issues. Her stress-related issues at least partially stemmed from Humana's work environment, work load being the only employee covering the Intermountain region, harassment by supervisors, and disparate treatment by Humana in comparison to her non African-American co-workers.

21. In January 2011, Plaintiff began treating with Dr. Donald Mayes and other providers.

22. Plaintiff suffers from bi-polar disorder, acute schizophrenia, depression, and anxiety that has been exacerbated by her work environment. Plaintiff has difficulty in her work environment interacting with supervisors and dealing with noise and distractions from co-workers.

23. While on a three day at home, two day in the office schedule, Plaintiff was able to manage her condition and work satisfactorily. Plaintiff had been moved to primarily utilization review instead of full case management duties. She sat away from other co-workers when in the office and did not need to see members or patients.

24. Plaintiff sought FMLA leave in January 2011, which was approved by Humana related to the aforementioned conditions. Plaintiff's leave began approximately January 18, 2011.

25. On February 14, 2011, Dr. Mayes provided a Certification of Health Care Provider for Employee's Serious Health Condition indicating the following:

   a. Plaintiff's condition would likely have a duration of three years;
   b. Plaintiff would require more than two visits per year for treatment and would require medication;
   c. Plaintiff's condition impacts her ability to not be distracted at the office, and confrontations with supervisors needed to be greatly reduced;
   d. Plaintiff would be incapacitated through March 18, 2011;
   e. Reduced work would be medically necessary;
   f. Plaintiff could return to work with restrictions on March 18, 2011;
   g. Plaintiff's restrictions would include working a maximum of six (6) hours per day, five (5) days per week until June 1, 2011; and
   h. Further, that if necessary, Plaintiff could request intermittent days off during episodic flare ups.

26. Plaintiff expected to return to work with accommodations on March 21, 2011. Plaintiff notified her immediate supervisor, Tracy Pali, of her intention to return by phone on March 16th and March 20th. Pali never returned Plaintiff's calls.

27. On March 28, 2011, Plaintiff was informed by Gloria Nichols (Nursing Director for Humana) that she would not be allowed to return to work until she had no work restrictions. No explanation was provided as to why Dr. Mayes' recommended restrictions could not be accommodated from March 18-June 1, 2011. Plaintiff was forced to stay out of work.

28. Nichols also informed Plaintiff that if she could not return by the end of her FMLA leave on April 13, 2011, her position "would be posted."

29. Nichols also informed Plaintiff that upon her return to work, she would no longer be allowed to work from home three (3) days a week and would now have to work a schedule of five (5) days a week in the office. Plaintiff was never given any explanation as to why she would now have to work in the office full-time.

30. A full-time move into the office would undoubtedly exacerbate Plaintiff's psychiatric conditions as she has problems dealing with noise, distractions, and other members in the work place. Plaintiff's position allowed for work from home, and numerous employees worked from home five days per week.

31. That no other employees for the HSO department or nurses worked at the office five days per week.

32. That Plaintiff's work restrictions from March 18-June 1, 2011 could have been reasonably accommodated, and Humana has failed to articulate why it could not do so and why it persisted in forcing Plaintiff to return without work restrictions, five days per week in the office.

33. Plaintiff was kept out of work by Humana and placed on short-term and long-term disability until June 25, 2012.

34. Plaintiff was formally terminated by Humana on July 19, 2012. No explanation was given for her termination.

35. That in investigating Plaintiff's claims of disparate treatment based upon race and discrimination in violation of the ADA, the EEOC determined that there was reasonable cause to believe that Humana denied a reasonable accommodation. See **Exhibit 1**, Determination Letter.

36. That Plaintiff was provided a Notice of Right to Sue by the EEOC, dated July 9, 2014. See **Exhibit 2**, Notice of Right to Sue.

37. Plaintiff is informed and believes, and on that basis alleges, that in performing the above described actions, Defendant Humana failed to comply with the applicable statutes and regulations, and instead acted in such a way as to discriminate and retaliate against Plaintiff by terminating her for requesting FMLA eligible leave, reasonable accommodations under the ADA, and engaged in disparate treatment on the basis of race by forcing Plaintiff to work shifts and schedules in the office in a manner different from her non African-American co-workers without any justifiable reason.

## IV.

## FIRST CAUSE OF ACTION

### (Compensatory Damages for Retaliation Under the FMLA)

38. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

39. Plaintiff is informed and believes, and on that basis alleges, that Defendant Humana qualifies as an employer as defined by 29 U.S.C. § 2611(4), and that Plaintiff is an "eligible employee" as defined by § 2611(2).

40. Plaintiff is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined by 29 U.S.C. § 2612 for a serious health condition and that such leave was granted by Defendant.

41. Plaintiff is informed and believes, and on that basis alleges, that she was entitled to restoration of her position as described in 29 U.S.C. § 2614 upon return from leave.

42. Plaintiff is informed and believes, and on that basis alleges, that she was entitled to intermittent leave or a reduced schedule under 29 U.S.C. § 2612 as certified by her treating health care providers upon her return to work, and that this was denied by Defendant.

43. That Defendant then further retaliated against Plaintiff because of her request for entitled medical leave under FMLA and terminated Plaintiff without just cause.

. . .

44. That Defendant's decision to not accommodate intermittent and reduced schedule leave and decision to then terminate Plaintiff was directly and proximately caused by Plaintiff's invocation of her rights under FMLA.

45. That Defendant had the ability to restore Plaintiff to her position or an equivalent position and failed to do so without any stated justification.

46. Plaintiff is informed and believes, and on that basis alleges, that Defendant is responsible under 29 U.S.C. § 2617(a).

47. As a result of Plaintiff's termination, Plaintiff has incurred, and continues to incur a loss of wages, salary, bonuses, commissions, and other benefits as a direct and proximate result of Defendant's retaliatory conduct. Plaintiff also has a loss of front pay as of the date of this Complaint, and any interest on the amount thereon as provided by 29 U.S.C. § 2617.

48. Plaintiff is also entitled to liquidated damages under FMLA as a further direct and proximate result of Defendant's conduct.

49. Additionally, as a result of the above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

V.

## SECOND CAUSE OF ACTION

(Unlawful Employment Practices: Discrimination
on the Basis of Disability Against the Defendant Employer)

50. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

51. Plaintiff belongs to the class of individuals protected by Title I of the Americans with Disabilities Act (ADA).

52. That Defendant Humana belongs to a class of employers with 15 or more employees covered by Title I of the Americans with Disabilities Act (ADA).

53. Under the applicable laws cited herein, Defendant Humana has a duty to not treat an applicant or employee less favorably because she has a history of a disability, or

because she is believed to have a physical or mental impairment. The law requires an employer to provide reasonable accommodations to an employee or job applicant with a disability, unless doing so would cause significant difficulty or expense for the employer ("undue hardship"). Further, the law forbids discrimination when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, and any other term or condition of employment. Plaintiff has the same rights in every State, among other things, to the full and equal benefit of the laws and proceedings for the security of persons and property as enjoyed by all citizens, and shall, among other things, be subject to like exactions of every kind, and to no other.

54. That Plaintiff suffered or was regarded as having suffered from a covered disability in one (or all) of three ways:

    (a) Plaintiff was disabled by way of a mental impairment that substantially limited a major life activity, including concentrating, thinking, communicating, and working;

    (b) Plaintiff has a medically documented mental impairment; and/or

    (c) Plaintiff was regarded has having suffered from a mental impairment that lasted more than six months and was not minor in nature.

55. That Plaintiff was a qualified individual who, with or without reasonable accommodation, could perform the essential functions of her employment position.

56. That Plaintiff gave adequate notice and certifying documentation from her treating providers of her necessary accommodations for a reduced work schedule, intermittent leave, and requests to work outside the office in manner similar to other non-accommodated employees.

57. That the accommodations requested still allowed Plaintiff to perform all the core and essential functions of her employment position without undue hardship to the Defendant.

58. That Defendant, without justification or even any stated reason, failed to provide such reasonable accommodations.

. . .

59. That Defendant retaliated against Plaintiff for requesting such accommodations by conditioning her return to work with the following: (a) no restrictions whatsoever, (b) full-time work inside the office (altering her previous schedule of three days a week at home); and (c) then requiring the return to work by April 13, 2011 or risk losing her position.

60. That Defendant subsequently discharged Plaintiff without justification and in retaliation for her requested accommodations in violation of the ADA.

61. Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) against Humana alleging discrimination and harassment based upon her disability.

62. The conduct of Humana described in this Complaint constitutes unlawful discrimination in violation of the Americans with Disabilities Act (ADA).

63. As a direct and proximate result of Humana's unlawful, discriminatory conduct, Plaintiff suffered financial harm, lost wages, loss of earning capacity, loss of employment, and severe physical and emotional distress for which he claims compensatory and punitive damages from. The above described acts of Humana were intentional and done with a conscious disregard for Plaintiff's protected rights.

64. As a further result of Humana's above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

## VI.

## THIRD CAUSE OF ACTION

**(Unlawful Employment Practices: Discrimination on the Basis of Race Against the Defendant Employer)**

65. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

66. Defendant Humana knows or should know of its obligation, pursuant to Title VII and all applicable federal statutes, to maintain work places free of discrimination based on a person's race.

67. Defendant failed to take reasonably adequate steps to prevent discrimination based on race in its workplace in Nevada.

68. Defendant subjected Plaintiff to disparate treatment by enforcing particular procedures, forcing her to absorb additional responsibilities and duties not required of non African-American employees, denying reasonable accommodations, including the ability to work from home, that were provided to non African-American employees, and subjecting her to unwarranted harassment and disciplinary action.

69. Defendant afforded non African-American co-workers rights and privileges that were denied to Plaintiff without justification.

70. Defendant, acting through and with its employees, discriminated illegally against Plaintiff.

71. Plaintiff presented several opportunities for Defendant to take corrective action by complaining of the discrimination and harassment to numerous management members and requesting the same scheduling accommodations, responsibilities, and duties as her non African-American co-workers; however, Humana ignored Plaintiff and failed to take any corrective action or remedy the disparate treatment.

72. Plaintiff charges that Defendant discriminated against her based on her race in that she was subjected to intentional adverse disciplinary acts, procedures, and statements that are not directed to employees similarly situated of non African-American ancestry.

73. Plaintiff endured and sustained actual damages including loss of income, grievous mental and emotional suffering, worry, fear, anguish, shock, nervousness, stress and anxiety in an amount subject to proof at trial.

74. Defendant's actions are intentional and done with willful disregard for the well-established and well-known legal rights of Plaintiff, and justifies the imposition of punitive damages.

75. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

VII.

## FOURTH CAUSE OF ACTION

**(Race and National Origin Discrimination Pursuant to NRS 613.330, et. al)**

76. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

77. The above discrimination, disparate treatment, harassment, hostile work environment and retaliatory termination by Defendant constitutes unlawful discriminatory employment practices under the Nevada Equal Employment Opportunity Act, NRS 633.310 et seq.

78. As a direct and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages for the loss of income, mental anguish and violation of her rights unless and until the Court grants relief.

79. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

### VIII.

## FIFTH CAUSE OF ACTION

**(Intentional Infliction fo Emotional Distress Against the Defendant Employer)**

80. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

81. The conduct of Defendant Humana, their agents, employees, and/or representatives, was extreme and outrageous and done for the purpose of injuring Plaintiff.

82. The conduct of Defendant, their agents, employees, and/or representatives, was intentional, willful, malicious and outrageous, and therefore, constitutes and intentional infliction of emotional distress to Plaintiff.

83. As a direct and proximate result of Defendant Humana's conduct, Plaintiff suffered severe emotional distress which caused and will continue to cause the Plaintiff extreme mental and nervous pain and suffering.

84. As a direct and proximate result of Defendant's acts and conduct, Plaintiff incurred and continues to incur loss of earnings, and loss of enjoyment of life, all to said

Plaintiff's general damages in an amount to be determined, according to proof at the time of trial.

85. That Defendant's conduct constitutes intentional, malicious, willful and wanton acts, thereby entitling Plaintiff to punitive damages according to proof to be determined at the time of trial.

86. As a further result of Defendant's above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

## IX.

## SIXTH CAUSE OF ACTION

### (Negligent Hiring, Supervision, and/or Training of Employees)

87. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

88. Defendant should have known of the propensity of its supervisors and its employees to cause emotional and financial injury to employees, and therefore has knowledge of their potentially harmful effect upon employees.

89. Defendant should have been aware that its employees and supervisors are creating a situation, which places Plaintiff in danger of having her rights violated. Because of this awareness, Defendant should have taken protective measures to stop its employees' and supervisors' illegal conduct toward Plaintiff, specifically in relation to the disparate treatment based upon race, discrimination and retaliation taken against her for exercising leave entitlement under the FMLA, and reasonable accommodations requested under the ADA as described in this Complaint.

90. Defendant knew or should known that the conduct of its employees and supervisors, agents and employees might result in a violation of employee's rights. Defendant failed to institute sufficiently effective training programs, which may have identified its supervisors' and employees' illegal conduct and prevented further recurrences of discrimination or may have allowed employees to file complaints about discriminatory conduct.

91. Defendant created an atmosphere whereby discrimination is allowed to pervade and in which the ire of its agents, supervisors and employees was raised, knew that its agents, supervisors and employees might cause emotional and financial injury to a fellow employee and thereby authorizes and ratifies such unlawful and tortuous discriminatory and retaliatory conduct toward Plaintiff.

92. As a result of each supervisor's, employee's and agent's conduct and based upon the responsibility of Defendant, Plaintiff has suffered damages, emotional distress, financial losses, and suffered special, compensatory and punitive damages in an amount subject to proof at trial.

93. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

**WHEREFORE**, Plaintiffs request relief as follows:

1. Back pay, front pay, benefits, liquidated damages, compensatory damages, statutory and other recoverable damages as allowed by all applicable laws cited herein;
2. Injunctive relief prohibiting future retaliation and enjoining present discrimination;
3. Punitive damages;
4. Attorney's fees and costs as allowed by all applicable laws cited herein;
5. For past and future damages in excess of $10,000.00;
6. For past and future medical expenses; emotional and mental distress; and special damages in an amount to be proven at trial;

. . .
. . .
. . .
. . .
. . .
. . .
. . .

7. For pre-judgment and post-judgment interests; and

8. For such other and further relief as the Court deems proper.

**DATED** this 18 day of July, 2014.

        **SCHUETZE & McGAHA, P.C.**

By _____
**WILLIAM W. McGAHA, ESQ.**
Nevada Bar #3234
**JOSHUA SANTERAMO, ESQ.**
Nevada Bar #12086
601 S. Rancho Drive, Suite C-20
Las Vegas, Nevada 89106
Attorney for Plaintiffs



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Las Vegas Local Office

333 Las Vegas Blvd. South, Suite 8112
Las Vegas, NV 89101
Las Vegas Direct Dial: (702) 388-5013
TTY (702) 388-5098
FAX (702) 388-5094

Charge No. 487-2011-00634

Kathleen Harris      Charging Party
3157 Color Palette Ave
Henderson, NV 89044


Humana, Inc.      Respondent
500 West Main Street
Louisville, KY 40202

## DETERMINATION

I issue the following determination as to the merits of the charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000-e et. seq. ("Title VII") and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. 12101-e et.seq. ("ADA").Timeliness and all requirements for coverage have been met.

Charging Party alleges she was discriminated against because of her disability and race, African American, in that she was denied a reasonable accommodation upon returning from a leave of absences associated with her disability, in violation of the ADA and Title VII.

Respondent denies the allegations.

The Commission finds that there is reasonable cause to believe that the Charging Party was denied a reasonable accommodation and subsequently discharged, in violation of the ADA.

The Commission makes no finding regarding the Charging Party's allegations of not being reasonably accommodated because of her race, African American, in violation of Title VII.

Respondent is reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in EEOC investigations is also prohibited. These protections apply regardless of the EEOC's determination on the merits of the charge.

Letter of Determination
487-2011-00634
Page of 2

Section 12117(a) of the ADA requires if the Commission determines that there is reasonable cause to believe that a violation has occurred, it shall endeavor to eliminate the alleged unlawful practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that a violation occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. If the Respondent declines to enter into settlement discussions, or when, for any other reason, a settlement acceptable to the Director is not obtained, the Director will inform the parties in writing and advise them of the court enforcement alternatives available to the Charging Party, aggrieved persons and the Commission.

Should the Respondent have further questions regarding the conciliation process, or the conciliation terms they would like to propose, we encourage the Respondent to contact Investigator Chase White at (702) 388-5056. Should there be no response from the Respondent in fourteen (14) days, please be advised that the EEOC may conclude that further conciliation efforts would be futile or nonproductive.

On behalf of the Commission:

*March 26, 2014*
Date

Amy Burkholder
Director

# EXHIBIT 1

# EXHIBIT 2

EEOC Form 161-A (11/09)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To: Kathleen H. Harris
    3157 Color Palette Ave.
    Henderson, NV 89044

From: Las Vegas Local Office
      333 Las Vegas Blvd South
      Suite-8112
      Las Vegas, NV 89101

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2011-00634 | Chase S. White, Intake Supervisor | (702) 388-5056 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Amy Burkholder,
Local Office Director

JUL -9 2014
*(Date Mailed)*

Enclosures(s)

cc: Humana Inc.
    ATTN: Jennifer Star
    500 West Main Street
    Louisville, KY 40202

Schuetze & McGaha, P.C.
ATTN: Joshua Santeramo, Esq
601 South Rancho Drive, Suite C-20
Las Vegas, NV 89106